UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Eric E. Miller,           )
                          )
        Plaintiff,        )
                          )     Case: 1:16-cv-01378
v.                        )  Civ Assigned To : Unassigned
                          )     Assign. Date : 6/29/2016
Washington, D.C.'s, Catholic Charities, )  Description: Pro Se Gen. Civil    (F-Deck)
                          )
                          )
        Defendant.        )

MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint upon a determination that it, among other grounds, is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i).

Plaintiff is a resident of Catlett, Virginia. He purports to bring a "Third Party Action Complaints [sic]" against Catholic Charities in the District of Columbia "for co-operating, conducting and participating with Dream Interrogation Program that specifically are [sic] designed to discriminate and harass me!" Compl. at 1. Plaintiff then proceeds in eighteen pages to "explain how this was done," *id.*, but his allegations are simply incoherent.

The complaint implicates the United States in "Dream Scenarios" that allegedly violate federal discrimination laws. Compl. at 1. Such accusations warrant dismissal under § 1915 (e)(2) as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see Best v. Kelly*, 39 F.3d 328, 330-31 (D.C. Cir. 1994) (a court may dismiss claims that are "essentially fictitious"-- for example, where they suggest "bizarre conspiracy theories . . . [or] fantastic government manipulations of their will or mind") (citations and internal quotation marks omitted); *Crisafi v.*

*Holland*, 655 F.2d 1305, 1307-08 (D.C. Cir. 1981) ("A court may dismiss as frivolous complaints . . . postulating events and circumstances of a wholly fanciful kind."). Furthermore, the complaint is patently insubstantial, and "[a] district court lacks subject matter jurisdiction [over a] complaint [that] 'is patently insubstantial, presenting no federal question suitable for decision.'" *Caldwell v. Kagan*, 777 F. Supp. 2d 177, 178 (D.D.C. 2011) (quoting *Tooley v. Napolitano*, 586 F.3d 1006, 1009 (D.C. Cir. 2009)). Hence, this case will be dismissed with prejudice. A separate Order accompanies this Memorandum Opinion.

_____
United States District Judge

Date: June 28, 2016